**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ashley Parker, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 610 |
| Mercantile Adjustment Bureau, LLC, a New York limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ashley Parker, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3.   Plaintiff, Ashley Parker ("Parker"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to RBS Card Services for a credit card.

1

4. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Mercantile was acting as a debt collector as to the debt it attempted to collect from Ms. Parker.

5. Defendant Mercantile is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Mercantile conducts business in Illinois.

6. Defendant Mercantile is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Mercantile acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Defendant Mercantile sent Ms. Parker an initial form collection letter, dated January 12, 2011, demanding payment of a delinquent consumer debt owed to RBS Card Services for a credit card. A copy of this letter is attached as Exhibit C.

8. Defendant Mercantile then sent an additional letter within 30 days of the initial letter, dated February 11, 2011. This letter stated that Ms. Parker had "ignored previous correspondence", and warned her that to "avoid possible further collection efforts", that she had to "pay the balance immediately". A copy of this letter is attached as Exhibit D.

9. Defendant Mercantile's collection actions complained of in this matter (Exhibit D) occurred within one year of the date of this Complaint.

10. Defendant Mercantile's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g –
Overshadowing And/Or Ineffectively Conveying
The 30-Day Validation Notice**

11. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

12. Here, although Defendant Mercantile's initial collection letter (Exhibit C) contains the notice required by § 1692g of the FDCPA, that notice was rendered ineffective/overshadowed by the language in Defendant's second collection letter sent on the 30th day of the validation period (Exhibit D). Specifically, Mercantile's warning that to "avoid possible further collection efforts", Ms. Parker had to "pay the balance immediately", violated § 1692g of the FDCPA. See, Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); see also, § 1692g(b).

13. Defendant Mercantile's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Ashley Parker, prays that this Court:

1. Find that Defendant Mercantile's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Parker, and against Defendant Mercantile, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Ashley Parker, demands trial by jury.

Ashley Parker,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: January 28, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

4